OPINION
{¶ 1} Appellant, Tammy Smead, appeals from the judgment entry issued by the Ashtabula County Court of Common Pleas, Juvenile Division, in which the trial court adopted the magistrate's decision to terminate appellant's parental rights and grant permanent custody of her minor children, Brian and Katie Kelley, to appellee, Ashtabula County Children Services Board ("ACCSB").[1]
{¶ 2} This case was initiated by a complaint filed by ACCSB on May 25, 2000, alleging that Brian and Katie were neglected and dependent children. On August 16, 2000, the minor children were found to be dependent, and ACCSB was granted temporary custody of the children. Subsequently, on May 2, 2001, ACCSB filed a motion for permanent custody of the children.
{¶ 3} After conducting a hearing on this matter, the magistrate issued her decision on April 2, 2002, recommending that the motion for permanent custody be granted. In two separate judgment entries issued on September 5, 2002, the trial court overruled appellant's objections and adopted the magistrate's decision.
{¶ 4} From this judgment, appellant timely filed a notice of appeal and asserts two assignments of error for our consideration:
{¶ 5} "[1.] Children's Services failed to prove by clear and convincing evidence that reunification of the subject children with their parents was not possible, and the juvenile court therefore erred in awarding permanent custody of the subject children to the state[.]
{¶ 6} "[2.] Children's Services failed to prove by clear and convincing evidence that an award of permanent custody was in the subject children's best interest, and the juvenile court therefore erred in awarding permanent custody of the subject children to the state."
{¶ 7} Before addressing the merits of this appeal, this court must consider a preliminary issue, to wit: whether the trial court erred in adopting the magistrate's decision when the decision failed to discuss all five factors contained in R.C. 2151.414(D)(1) through (5).
{¶ 8} At the outset, we note that appellant failed to raise this particular issue in her objections. Despite that fact, we are mindful that "Civ.R. 53(E)(4)(a) provides that a trial court must determine whether there is any error of law or other defect on the face of the magistrate's decision before adopting it as its own." Thompson v. Thompson (Aug. 10, 2001), 11th Dist. No. 2000-P-0110, 2001 WL 901252, at 2. See, also, Lovasv. Mullett (June 29, 2001), 11th Dist. No. 2000-G-2289, 2001 WL 735726, at 2. In other words, the trial court was still obligated to "[examine] a magistrate's decision to ensure that it does not contain errors of law."Bradley v. Phase II Electronics, Inc. (Dec. 14, 2001), 11th Dist. No. 2001-T-0073, 2001 WL 1603074, at 1. See, also, Ravenna Police Dept. v.Sicuro (Apr. 30, 2002), 11th Dist. No. 2001-P-0037, 2002 WL 818880, at 3; Cahill v. Phelps (Dec. 7, 2001), 11th Dist. No. 2000-L-201, 2001 WL 1561130, at 1. Thus, our standard of review is whether the trial court abused its discretion in adopting the magistrate's decision. RavennaPolice Dept. at 3; Lovas at 2.
{¶ 9} We begin our analysis by noting that R.C. 2151.414 sets forth guidelines that a juvenile court must follow. Specifically, R.C.2151.414(B)(1) establishes a two-pronged analysis and permits the juvenile court to grant permanent custody of the child to the agency if the court determines, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody to the agency and that any of the following apply:
{¶ 10} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
{¶ 11} "(b) The child is abandoned.
{¶ 12} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
{¶ 13} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999."
{¶ 14} As the children in this case were not orphaned or abandoned, the juvenile court turns to whether the children cannot be placed with either parent within a reasonable period of time or should not be placed with the parents. R.C. 2151.414(B)(1)(a). Before making this determination, the juvenile court "shall consider all relevant evidence." R.C. 2151.414(E). The juvenile court is required to enter such a finding if it determines, by clear and convincing evidence, that one or more of the factors enumerated in R.C. 2151.414(E)(1) through (16) exist with respect to each of the child's parents.
{¶ 15} In the instant matter, both the magistrate and the trial court proceeded under R.C. 2151.414(B)(1)(a) by finding that "Katie and Brian Kelley cannot and/or should not be placed with either parent at this time or in the foreseeable future." In making this finding, the magistrate and the trial court were under division (E) of the permanent custody statute. Although the magistrate and the trial court did not make reference to a particular revised code section, it seems that they relied on R.C. 2151.414(E)(1) and (16) by making the following findings:
{¶ 16} "*** The parents have failed continuously and repeatedly to substantially remedy the conditions causing the children to be placed outside the children's home.
{¶ 17} "*** The parents for any reason are unwilling to provide food, clothing, shelter, or other basic necessities for the children or to prevent the children from suffering physical, emotional or sexual abuse or physical, emotional, or mental neglect."
{¶ 18} Next, the magistrate and the juvenile court proceeded to the second prong of the statutory analysis, to wit: the determination that it is in the best interest of the children to grant permanent custody to ACCSB. In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates that the trial court must consider all relevant factors, including, but not limited to, the following:
{¶ 19} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
{¶ 20} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
{¶ 21} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
{¶ 22} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
{¶ 23} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
{¶ 24} This court has held on many occasions that the provisions of R.C. 2151.414(D) are mandatory and "must be scrupulously observed." In re Hommes (Dec. 6, 1996), 11th Dist. No. 96-A-0017, 1996 WL 760920, at 1. See, also, In re Litz (Nov. 9, 2001), 11th Dist. No. 2001-G-2367, 2001 WL 1402653, at 5; In re Ranker (Oct. 6, 2000), 11th Dist. No. 99-P-0072, 2000 WL 1488060, at 7; In re Jacobs (Aug. 25, 2000), 11th Dist. No. 99-G-2231, 2000 WL 1227296, at 5; In re Ethington (July 23, 1999), 11th Dist. No. 98-T-0084, 1999 WL 562714, at 3; In re Alexander (Dec. 19, 1997), 11th Dist. No. 96-T-5510, 1997 WL 799517, at 2.
{¶ 25} "Thus, the failure to discuss each of the factors set forth in R.C. 2151.414(D) when reaching a determination concerning the best interest of the child is prejudicial error." (Emphasis added.) Jacobs at 5. See, also, Litz at 5; In re Bailey (July 20, 2001), 11th Dist. No. 2001-G-2340, 2001 WL 824390, at 5; In re Congos (Nov. 9, 2000), 11th Dist. No. 2000-L-092, 2000 WL 1687605, at 1; Ranker at 7; Ethington at 2-3; Alexander at 2-3; Hommes at 2.
{¶ 26} In proceeding with its best interest determination, the magistrate's decision listed the factors set forth in R.C. 2151.414(D)(1) through (5), and acknowledged that it was required to consider all of these factors. In fact, both the magistrate's decision and the trial court's judgment entry stated that the factors contained in R.C.2151.414(D) were considered, and that the best interest of the children would be served by a grant of permanent custody to ACCSB.
{¶ 27} It is also apparent that the magistrate addressed R.C.2151.414(D)(3), to wit: the custodial history of the children, by providing the custodial and procedural history of this case. However, the magistrate failed to fully discuss the remaining factors set forth in R.C. 2151.414(D)(1), (2), (4) and (5).
{¶ 28} For instance, the magistrate indicated that the foster parents wished to adopt the children, and that the children were on target developmentally. In addition, the magistrate noted that appellant, along with the maternal grandmother, had regularly visited the children.
{¶ 29} However, the magistrate failed to discuss "the interaction and interrelationship of the child[ren] with the child[ren]'s parents, siblings, relatives, foster caregivers and out-of home providers, and any other person who may significantly affect the child[.]" R.C.2151.414(D)(1). For example, the magistrate did not comment on the type of relationship/interaction the children had with appellant or whether the children had developed a bond with appellant.
{¶ 30} As to this point, Virginia Fisher ("Ms. Fisher"), a visitation aide at Rooms to Grow, observed the visits between appellant, the maternal grandmother, and the children. According to Ms. Fisher, appellant "did especially well" when she interacted with the children, and that appellant and the maternal grandmother did most of the interacting with the children. Ms. Fisher further described the interaction between the children as being "[v]ery close."
{¶ 31} Insofar as the wishes of the children are concerned, Brian and Katie are too young to express their desires. During the proceedings, a guardian ad litem was appointed on behalf of the children. However, there is no discussion whatsoever of the guardian ad litem's recommendation regarding the custody of these children. At most, the magistrate indicated that the guardian ad litem filed a report with the court.
{¶ 32} As to the factor contained in R.C. 2151.414(D)(4), the magistrate found that "[t]hese children need permanency in their lives[,]" and "[t]hat there are no appropriate relatives to assume the care or custody of these children." From these statements, it may be inferred that the magistrate believed that permanent placement could not be achieved without the grant of permanent custody to ACCSB. However, the magistrate never expressly stated this. In other words, the magistrate failed to clearly discuss the second portion of R.C.2151.414(D)(4), as to "whether [permanent] placement can be achieved without the grant of permanent custody to the agency[.]"
{¶ 33} "In making its factual determinations in these types of decisions, the trial court must adequately explain its reasoning from which to permit appellate review." Ethington at 3. "It has been held that a juvenile court's judgment entry that discusses some — but not all — of the factors listed in R.C. 2151.414(D) must be reversed." (Emphasis added.) Hommes at 2, citing In re Brown (1994),98 Ohio App.3d 337, 343. These factors "are all relevant to the question of whether a parent should be stripped of permanent custody and, therefore, they need to be given proper consideration." Alexander at 3. Therefore, "the[se] factors must be discussed in the trial court's judgment entry."Id.
{¶ 34} Based on the foregoing analysis, we hold that the trial court abused its discretion in adopting the magistrate's decision. This is because the decision failed to fully and specifically discuss all five factors enumerated in R.C. 2151.414(D). In light of this defect, it would be premature for this court to address appellant's appeal, which challenges the trial court's decision to adopt the magistrate's determination to grant permanent custody of the children to ACCSB. "Until a proper judgment entry is filed, there is nothing for this court to review." Congos at 1.
{¶ 35} This court is obligated to enforce the case law requiring the juvenile court to individually and specifically discuss all of the factors listed in R.C. 2151.414(D). Accordingly, on remand, the trial court is instructed to clearly discuss in a judgment entry all of the factors set forth in R.C. 2151.414(D)(1) through (5). Our decision, however, should not be construed to express any view as to whether ACCSB should have been granted permanent custody of the minor children.
DONALD R. FORD and ROBERT A. NADER, JJ., concur.
[1] The parental rights of the children's father, Timothy L. Kelley ("Mr. Kelley") were also terminated. Mr. Kelley, however, has not appealed this determination and is not a party to the instant appeal.